1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    KEVIN JOE BRUNSON,

9                                 Plaintiff,            Case No. C17-759-JLR-JPD

10        v.

11    JAMES ROGER, Detective, Seattle Police        ORDER DENYING PLAINTIFF'S
      Department,                                   APPLICATION FOR COURT-
                                                    APPOINTED COUNSEL
12
                                  Defendant.

13

14        This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter comes

15    before the Court at the present time on plaintiff's application for court-appointed counsel.  The

16    Court, having reviewed plaintiff's application, and the balance of the record, hereby ORDERS as

17    follows:

18        (1)    Plaintiff's application for court-appointed counsel (Dkt. 9) is DENIED.  There is

19    no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the

20    Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in*

21    *forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*,

22    789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984);

23

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL - 1

1    *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances

2    requires an evaluation of both the likelihood of success on the merits and the ability of the

3    plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

4    *Wilborn*, 789 F.2d at 1331.

5          Plaintiff asserts in his civil rights complaint that the defendant improperly seized property

6    belonging to plaintiff, which is unrelated to the investigation or prosecution of any criminal

7    offense, and plaintiff asks that the property be returned to him.  (*See* Dkt. 6 at 3-4.)  After

8    reviewing plaintiff's complaint, this Court concluded that plaintiff had not stated any claim upon

9    which relief could be granted under § 1983.  This Court therefore issued an Order directing

10   plaintiff to show cause why this action should not be dismissed.  (Dkt. 7.)  Plaintiff has not filed

11   a response to the Order to Show Cause but has, instead, asked that counsel be appointed to

12   represent him in this matter.  However, as the record now stands, it appears unlikely that plaintiff

13   will succeed on the merits of this case for the reasons identified in the Order to Show Cause.

14   Plaintiff has demonstrated no inability to articulate his claim, he simply has no viable claim to

15   assert based on the facts alleged.  Thus, plaintiff has not demonstrated that this case involves

16   exceptional circumstances which warrant appointment of counsel.

17         (2)     As it appears plaintiff filed his application for court-appointed in lieu of a

18   response to the Order to Show Cause, and as plaintiff's request for counsel has now been denied,

19   the Court deems it appropriate to grant plaintiff some additional time to respond to the Order to

20   Show Cause should he desire to do so.  Accordingly, plaintiff is directed to file any response to

21   the Order to Show Cause not later than *August 11, 2017*.  Failure to timely file such a response

22

23

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL - 2

1  will result in a recommendation that this action be dismissed for failure to prosecute and for

2  failure to state any claim upon which relief may be granted.

3        (3)    The Clerk is directed to send copies of this Order to plaintiff and to the Honorable

4  James L. Robart.

5        DATED this 17th day of July, 2017.

6

7  _____
   JAMES P. DONOHUE

8  Chief United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER DENYING PLAINTIFF'S APPLICATION
FOR COURT-APPOINTED COUNSEL - 3